IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Stacey Aiken, <br><br>　　　　　　Plaintiff, <br><br>vs. <br><br>The City of North Charleston, North Charleston Police Department, Jordan Williamson, Braden Reid, and Defendant Does 1-5 inclusive, <br><br>　　　　　　Defendants. | Case No.: 2:24-cv-4645-RMG-MGB <br><br>**COMPLAINT** <br>**(Jury Trial Demanded)** |

Plaintiff Stacey Aiken brings this claim against Defendants City of North Charleston, North Charleston Police Department, Jordan Williamson, Braden Reid, and Defendant Does 1-5 inclusive, based on the allegations set forth below.

## **PARTIES**

1. Plaintiff Stacey Aiken (hereinafter "Plaintiff") is a citizen and resident of Charleston County, South Carolina.

2. Upon information and belief, Defendant City of North Charleston ("North Charleston" or "the City") is a duly authorized municipality created pursuant to the laws of the State of South Carolina. At all times relevant hereto, the City, its agents, servants and employees operated, maintained and controlled the North Charleston Police Department, including all uniformed police officers and employees thereof.

3. Upon information and belief, the City is responsible for the policies, practices and customs of the North Charleston Police Department as well as hiring, training, supervising, and controlling and disciplining its officers and other employees.

4. Upon information and belief, Defendant North Charleston Police Department ("NCPD") is a municipal entity organized and created pursuant to the laws of the State of South Carolina. Along with the City of North Charleston, NCPD is responsible for the policies, practices and customs of the NCPD as well as the hiring, training, supervising, controlling and disciplining of its uniformed police officers and other employees.

5. At all times relevant herein, Defendants City of North Charleston and NCPD acted and carried on business by and through their agents, servants, and/or employees. Additionally, these agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties.

6. Upon information and belief, Defendant Jordan Williamson ("Defendant Williamson") is a citizen and resident of Charleston County, South Carolina.

7. At all times relevant herein, Defendant Williamson was upon information and belief employed as a NCPD police officer and was acting with authority on behalf of Defendants City of North Charleston, and North Charleston Police Department.

8. At all times relevant herein, Defendant Williamson was acting in an individual capacity and under the color of state law.

9. Upon information and belief, Defendant Braden Reid ("Defendant Reid") is a citizen and resident of Charleston County, South Carolina.

10. At all times relevant herein, Defendant Reid was upon information and belief employed as a NCPD police officer and was acting with authority on behalf of Defendants City of North Charleston, and North Charleston Police Department.

11. At all times relevant herein, Defendant Reid was acting in an individual capacity and under the color of state law.

12. Plaintiff is unaware of the true names, identities, and/or capacities of Defendants sued herein as Does 1-5, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the Doe Defendants is legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of his/her negligence, breach of duty, negligent supervision, management or control, and violation of public policy. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control or upon any other act or omission. Plaintiff will ask leave to amend this Complaint subject to further discovery.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction arising under 28 U.S.C. § 1331 over the claims in this lawsuit and has personal jurisdiction over the parties.

14. Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events, acts, and/or omissions giving rise to this claim occurred in this district.

## FACTS

15. On August 26, 2022 shortly before 6:00 p.m. Plaintiff was driving a vehicle in the City of North Charleston in Charleston County, South Carolina when PFC Jordan Williamson initiated a traffic stop of Plaintiff's vehicle for making a turn without utilizing a turn signal and for lane usage violation in the area of Rivers Avenue and Interstate 526.

16. Defendant Williamson activated his blue lights and siren as Plaintiff entered the ramp for I-526 East.

17. Plaintiff did not stop his vehicle following the activation of the blue lights and continued driving at a high rate of speed before exiting I-526 onto North Rhett Avenue with Defendant Williamson in pursuit.

18. Plaintiff then turned into the parking lot of a closed business, exited his vehicle, and began to run in the direction away from Defendant Williamson's patrol vehicle which had followed immediately behind him.

19. Defendant Williamson then exited his vehicle, identified himself, and deployed his K-9 Elf, a three-year-old male Belgian Malinois, to apprehend Plaintiff.

20. Defendant Williamson announced himself and the K-9 one time while simultaneously releasing the dog from his police vehicle before drawing his service weapon.

21. The canine charged after Plaintiff and within seconds took Plaintiff down in a ditch with a bite to his right arm. Defendant Williamson then holstered his weapon and raced over while shouting commands to Plaintiff.

22. Plaintiff at this time was prone on his stomach, lying facedown in the ditch.

23. By the time Defendant Williamson approached K-9 Elf had lost his grip on Plaintiff's right arm and reattached to Plaintiff's left arm.

24. Defendant Williamson then violently punched Plaintiff about the head, face, and arm repeatedly, all while the dog still had his arm in its jaws.

25. Plaintiff repeatedly cried out "I stop! I stop!" a clear indication that he was no longer resisting.

26. K-9 Elf maintained his bite hold on Plaintiff's left arm for approximately one minute, during which time Defendant Williamson made no effort to remove or restrain the dog but permitted the attack to continue.

27. Defendant Williamson did not at any time order his dog to release its bite, instead started beating Plaintiff about the arm and head as the dog continued to clamp down on Plaintiff's arm, pulling and tearing at his flesh.

28. When Defendant Reid arrived to provide backup, he ran to the scene with his weapon drawn and handcuffed Plaintiff's right wrist, while commanding Plaintiff to give his other hand to be cuffed. Plaintiff responds frantically "the dog got my other hand, sir!"

29. Plaintiff did his best to comply with officers' commands but was physically unable to do so.

30. Defendant Reid stood steps away with his gun trained on Plaintiff, who was still writhing and crying in pain with his arm grasped in the dog's jaws. Defendant Reid made no effort to intervene and permitted the canine attack to continue.

31. At this time Plaintiff was no longer resisting arrest in any manner.

32. Plaintiff put his other hand behind his back as directed so Defendant Reid could handcuff him. Only then did Defendant Williamson begin to remove the dog from Plaintiff's arm.

33. At all times relevant hereto, Plaintiff was unarmed and in no way posed any threat of harm to Defendants Williamson or Reid or to the general public before, during, or after the K-9 attack.

34. The crime of which Plaintiff was suspected at the time of his apprehension, Failure to Stop for a Blue Light, is a misdemeanor offense.

35. Defendant Williamson's use of force against Plaintiff was excessive and entirely unwarranted.

36. Defendant Williamson did not have any reasonable basis for his use of such force against Plaintiff.

37. After K-9 Elf was removed from the bite and Plaintiff had been detained, Defendant Williamson advised dispatch of the K-9 apprehension and requested EMS.

38. EMS arrived and treated Plaintiff's injuries from the K-9 bites at the scene.

39. Plaintiff was then transported in a patrol vehicle to the Trident Center Point Emergency Department for evaluation and treatment. The injuries he sustained were so severe Plaintiff was admitted for medical treatment and remained in the hospital as an inpatient for three days.

40. As a direct result of Defendant Williamson's canine apprehension of Plaintiff and the multiple blows Defendant Williamson inflicted on him, Plaintiff sustained serious injuries including lacerations and puncture wounds to both his arms; permanent scarring; facial bruising and swelling; subdural hematoma; concussion; and post-concussive syndrome.

41. As a result of Defendant Williamson's assault against him, Plaintiff experienced and continues to experience ongoing physical pain and suffering and mental and emotional distress.

42. Defendants' conduct led Plaintiff to suffer severe and continuing harm, including but not limited to medical expenses, physical pain and suffering, temporary and permanent physical and emotional impairments, mental anguish and emotional distress, fear, humiliation, and loss of enjoyment of life.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS WILLIAMSON, REID, AND DOE DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES**
(Deprivation of Plaintiff's Fourth Amendment Rights
Actionable Under 42 U.S.C. § 1983)

43. To the extent they are not inconsistent with this cause of action, Plaintiff incorporates the allegations of the paragraphs above into this cause of action.

44. At all times relevant hereto Defendant Williamson was acting individually as an employee of the City of North Charleston and NCPD and pursuant to his duties as a police officer.

45. Defendant Williamson at all times relevant to this Complaint acted under color of state law and exercised power possessed by virtue of state law.

46. Defendant Williamson's conduct as more fully set forth above deprived Plaintiff of his rights, privileges, or immunities secured by the Fourth Amendment to the Constitution of the United States.

47. Particularly, the conduct of Defendant Williamson deprived Plaintiff of his clearly established Due Process rights protected by the Fourth Amendment of the Constitution of the United States, guaranteeing citizens the right to be free from excessive force.

48. Defendant Williamson's unnecessary and unprovoked use of force against Plaintiff, causing Plaintiff significant harm, was an excessive use of force.

49. Defendant Williamson's actions were not objectively reasonable in light of the facts and circumstances.

50. As a direct and proximate result of Defendant Williamson's use of excessive force, Plaintiff has suffered and continues to suffer physical, emotional and mental harm as well as the violation of his constitutional rights and is entitled to nominal, actual, and punitive damages.

51. At all times relevant hereto Defendant Reid was acting individually as an employee of the City of North Charleston and NCPD and pursuant to his duties as a police officer.

52. Defendant Reid at all times relevant to this Complaint acted under color of state law and exercised power possessed by virtue of state law.

53. Defendant Reid's conduct as more fully set forth above deprived Plaintiff of his rights, privileges, or immunities secured by the Fourth Amendment to the Constitution of the United States.

54. Defendant Reid knew that Defendant Williamson's use of force against Plaintiff was excessive and unreasonable, yet never made any verbal or physical attempt to restrain Defendant Williamson or his attack dog.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF NORTH CHARLESTON AND NCPD
### (42 U.S.C. § 1983 — *Monell* Claim)

55. To the extent they are not inconsistent with this cause of action, Plaintiff incorporates the allegations of the paragraphs above into this cause of action.

56. At all times relevant hereto Defendants City of North Charleston and NCPD had in place official policies, customs, and/or persistent and widespread practices directly leading to the violation of Plaintiff's constitutional rights.

57. Defendants City of North Charleston and NCPD were aware of this pattern or practice and in failing to correct it allowed a custom and de facto policy of constitutional violations to develop.

58. Defendants City of North Charleston and NCPD engaged in an ongoing pattern and practice of failing to remedy such conditions of which Defendants were aware, particularly with regard to police use of excessive force.

59. Defendants had actual and/or constructive knowledge of these persistent patterns and deficient policies and acted with deliberate indifference in failing to correct these practices, causing the deprivation of Plaintiff's federal rights.

60. Defendants' official policies or customs of deficiencies in training and supervising police officers further resulted in constitutional violations to Plaintiff.

61. Defendants City of North Charleston and NCPD had a duty to adequately train, supervise and discipline police officers in order to prevent unconstitutional actions by employees.

62. Defendants failed to adequately train, supervise and discipline their police officers for unconstitutional actions over time and were aware of wrongdoings by their officers, creating a custom or policy of failing to discipline, supervise, and adequately train.

63. Defendants were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained of herein.

64. Defendants' failure to properly train police officers manifested deliberate indifference leading to pattern of unconstitutional conduct by inadequately trained and supervised employees, leading to the violation of Plaintiff's Fourth Amendment rights that was a predictable result of improper training and supervision of Defendants Williamson and Reid.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against the Defendants on all causes of action and that Plaintiff be awarded: (1) actual damages to include past and future medical expenses; (2) other compensatory damages including for past and future physical and mental pain and suffering; (4) punitive damages for the individual Defendants' willful

and wanton conduct; (5) attorneys' fees and costs; and (6) such other and further relief as the Court and jury deem just and appropriate.

        s/Sarah H. L. Norton
        Sarah H. L. Norton (Fed. ID No. 13828)
        222 West Coleman Blvd., Suite 120
        Mt. Pleasant, SC  29464
        Tel. 843-697-8447
        Fax 843-416-8379
        sarah@mwgaylaw.com
        ATTORNEY FOR PLAINTIFF

Charleston, South Carolina
August 25, 2023