**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Stacey Aiken,<br><br>        Plaintiff,<br>   v.<br><br>The City of North Charleston, North Charleston Police Department, Jordan Williamson, Braden Reid, Defendant Does I-5 inclusive,<br><br>        Defendants. | Case No. 2:24-cv-4645-RMG<br><br>**ORDER AND OPINION** |

      Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that the Court grant Defendants' Motions to Dismiss. (Dkt. No. 46). Plaintiff did not file objections to the R&R. For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

**I.    Background**

      Plaintiff's suit under Section 1983 arises from his arrest by Defendant Williamson following a traffic stop on August 26, 2022. (*See generally* Dkt. No. 1). Plaintiff concededly "did not stop his vehicle following the activation of the blue lights and continued driving at a high rate of speed before exiting I-526 onto North Rhett Avenue with Defendant Williamson in pursuit" before exiting his vehicle and attempting to run from Defendant Williamson. (*Id.*, ¶¶ 17-18). Defendant Williamson allegedly proceeded to announce himself and release his police canine, Elf, who "within seconds took Plaintiff down in a ditch with a bite to his right arm." (*Id.*, ¶ 21). Plaintiff alleges that Defendant Williamson apprehended Plaintiff and "violently punched Plaintiff about the head, face, and arm repeatedly, all while the dog still had his arm in its jaws" and "did not at

1

any time order his dog to release its bite, instead started beating Plaintiff about the arm and head as the dog continued to clamp down on Plaintiff's arm, pulling and tearing at his flesh." (*Id.*, ¶¶ 24, 27).  When Defendant Reid arrived on the scene to provide backup, Plaintiff claims that he "made no effort to intervene and permitted the canine attack to continue" until Defendant Williamson removed the canine from Plaintiff so that Defendant Reid could handcuff him. (*Id.*, ¶¶ 30, 32).  Plaintiff argues that "Defendant Williamson's use of force against Plaintiff was excessive and entirely unwarranted" in violation of the Fourth Amendment. (*Id.*, ¶¶ 43-54).  Plaintiff also brings a *Monell* claim against Defendants The City of North Charleston and the North Charleston Police Department ("NCPD"). (*Id.*, ¶¶ 55-64).

Defendants move to dismiss Plaintiff's case under Fed. R. Civ. P. 41(b) for failure to prosecute his case. (Dkt. Nos. 44, 45).  The motions are ripe for this Court's review.

## II.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

The Court finds that dismissal of Plaintiff's case pursuant to Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 41(b) is appropriate on review of the record and the R&R.

### A. Fed. R. Civ. P. 37

Fed. R. Civ. P. 37(b)(v) provides that dismissal of an action is appropriate where a party fails to comply with a court's discovery order. In determining whether to impose sanctions under Rule 37, courts should consider the following:

> (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). The Magistrate Judge found that Plaintiff's continued failure to communicate with his counsel and comply with the Court's orders in this case is in bad faith and that such conduct has prejudiced Defendants due to their inability to conduct discovery. (Dkt. No. 46 at 5). The Court also agrees with the Magistrate Judge's recommendation that "Plaintiff's outright disregard[] for the Rules and the Court's Orders must be deterred" so as not to "encourage other litigants to flirt with similar misconduct." (*Id.* at 6) (citation omitted). The Court has explored less drastic sanctions by awarding attorney's fees to Defendants for their efforts moving to compel Plaintiff to respond to their discovery requests, which as of the time of this Order are more than six months overdue. The Court previously warned that it would dismiss Plaintiff's case if he failed to respond to Defendants' discovery requests. (Dkt. No. 39 at 6). In light of the foregoing, the Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 37(b) for failure to comply with the Court's Order compelling his discovery responses.

### B. Fed. R. Civ. P. 41

The Fourth Circuit provides a four-prong test for Rule 41(b) dismissal that requires courts to consider: (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). As discussed in the preceding Rule 37(b) analysis, Plaintiff is responsible for failing to communicate with his counsel in order to move his case forward, resulting in prejudice to Defendants. Despite this Court's orders granting Defendants' motions to compel and awarding attorney's fees as a sanction for Plaintiff's conduct, Plaintiff has taken no steps to engage in the discovery process. As no sanction less drastic than dismissal remains, the Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

## IV. Conclusion

In light of the foregoing, the R&R is **ADOPTED** as the Order of the Court (Dkt. No. 46) and Defendants' motions to dismiss are **GRANTED**. (Dkt. Nos. 44, 45). Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

June 11, 2025  
Charleston, South Carolina